Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS PC
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUNI CHOVET, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VITRUVI CORPORATION, a Canada Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff Auni Chovet hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Plaintiff AUNI CHOVET ("CHOVET") is a professional musician residing in Los Angeles, California who promotes her music by, *inter alia*, including certain of her songs to Instagram and Facebook's "Music Library".

5. Upon information and belief, Defendant VITRUVI CORPORATION is a Canada corporation with its primary place of business located at 329 Railway Vancouver, BC, V6A1A4, #500, Vancouver, BC, V6A1A4, Canada. Upon information and belief, VITRUVI does business in and with California, including providing goods and services in and into California and this judicial district. VITRUVI owns, operates, and/or controls the commercial website vitruvi.com and its related/affiliated subdomains, mobile websites, applications, and social media pages, including instagram.com/vitruvi.

6. Upon information and belief, DOE Defendants 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants 1-10 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

/ / /

/ / /

# CLAIMS RELATED TO THE INFRINGEMENT

8. CHOVET created and owns the copyright in an original song entitled "Twinkling Lights", registered with the Copyright Office under Reg. No. SR 916-350.

9. CHOVET created and owns the copyright in derivative of "Twinkling Lights" entitled "Twinkling Lights (Reimagined)", registered with the Copyright Office under Reg. No. SR 982-376. "Twinkling Lights" and "Twinkling Lights (Reimagined)" are hereinafter collectively referred to as "the Song".

10. CHOVET, through her distributor, distributed "Twinkling Lights" and "Twinkling Lights (Reimagined)" through the Instagram Music Library. Artists like CHOVET add their music to the Instagram Music Library to get exposure for those songs, often in the hopes of generating paid licenses for their commercial uses.

11. At the time of the infringement, Meta's Terms of Service made clear that it only authorizes personal non-commercial use of songs in the music library by Facebook users, with commercial uses needing to secure appropriate permission from the artists. *See, e.g.*, Music Guidelines (https://www.facebook.com/legal/music_guidelines?paipv=0&eav=AfaZA2WtCcKp2KfLfp8hWESYKqRAEZviFiPm1riw7BUTnHlJz7gIHHWmPRl-VHsyA5k&_rdr) ("Use of music for commercial or non-personal purposes in particular is prohibited unless you have obtained appropriate licenses."); *see also* Music on Instagram | Instagram Help Center (https://help.instagram.com/402084904469945/) ("[O]ur agreements with rights holders are intended to enable personal, non-commercial uses of music.").

12. "Twinkling Lights" proved to be an extremely popular song, with "Twinkling Lights (Reimagined)" alone being used in 2.1 million Instagram reels.

13. Following her publication of "Twinkling Lights" and "Twinkling Lights (Reimagined)" in Instagram's Music Library, Defendants, and each of them, used the Song without authorization in commercial posts, including at instagram.com/stories/vitruvi/3526781301770297395/.

14. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

16. Upon information and belief, Defendants, and each of them, committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights, such that said acts of copyright infringement were willful.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from copying, displaying, publishing, reproducing, transmitting, distributing, creating derivative works of, and/or otherwise using the Plaintiff's songs "Twinkling Lights" and "Twinkling Lights Reimagined";

b. That Plaintiff be awarded its losses, plus Defendants' profits, attributable to the infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 19, 2025

DONIGER / BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*